PAUL HASTINGS LLP
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
AJA S. NUNN (SB# 347676)
ajanunn@paulhastings.com
YOON CHO (SB# 364233)
yooncho@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
CLUB DEMONSTRATION SERVICES, INC.
and ADVANTAGE SOLUTIONS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE A. BROWN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLUB DEMONSTRATION SERVICES, INC.; ADVANTAGE SOLUTIONS INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. '26CV4908 AGS GC<br><br>**DEFENDANT CLUB DEMONSTRATION SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>San Diego County Superior Court Case No. 26CU036680C |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF NATALIE A. BROWN AND HER ATTORNEYS:

PLEASE TAKE NOTICE that Defendant Club Demonstration Services, Inc. ("CDS") hereby removes this action from the Superior Court of California in and for the County of San Diego (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, section 4(a), 119 Stat. 9). In support of removal, CDS alleges as follows:

## PLEADINGS, PROCESS, AND ORDERS

1. This lawsuit arises out of Plaintiff Natalie A. Brown's ("Plaintiff") alleged employment with Defendants CDS and Advantage Solutions Inc. ("Advantage"). On July 8, 2026, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Diego, styled *Natalie A. Brown, on behalf of herself and others similarly situated v. Club Demonstration Services, Inc.; Advantage Solutions Inc.; and DOES 1 to 100, inclusive;* bearing Case No. 26CU036680C (the "Complaint"). The Complaint asserts the following seven causes of action: (1) Failure to Pay Wages for All Hours Worked at Minimum Wage in Violation of Labor Code Sections 1194 and 1197; (2) Failure to Pay Overtime Wages for Daily Overtime Worked and/or Failure to Pay Overtime Wages at the Proper Overtime Rate of Pay in Violation of Labor Code Sections 510 and 1194; (3) Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7; (4) Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7; (5) Failure to Indemnify Employees for Employment-Related Losses/Expenditures In Violation of Labor Code Section 2802; (6) Failure to Provide Complete and Accurate Wage Statements in

Violation of Labor Code Section 226; and (7) Unfair Business Practices in Violation of Business and Professions Code Sections 17200, *et seq.* Pursuant to 28 U.S.C. section 1446(b)(1), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after CDS was served with the Complaint.

2. On July 28, 2026, Plaintiff served CDS, through its corporate agent, with copies of the Summons; Complaint; Civil Case Cover Sheet; Notice of Assignment and Case Management Conference; Alternative Dispute Resolution (ADR) Information Packet; Notice of E-Filing Requirements; Plaintiff's Peremptory Challenge to Judge (Code of Civil Procedure § 170.6) and Declaration of Alexander J. Curry; Notice of Case Reassignment; Notice of Hearing; and Notice of Service of Process. True and correct copies are attached hereto as **Exhibits A-J**, respectively.

3. On August 24, 2026, Defendants filed their Answer to Plaintiff's Class Action Complaint. Attached hereto as **Exhibit K** is a true and correct copy of the Answer.

4. As of filing this notice, Plaintiff has not filed a Proof of Service of Summons.

5. Advantage has not been served. Declaration of Aja S. Nunn ("Nunn Decl."), ¶ 3.

6. Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders served upon CDS or filed in this action.

7. Pursuant to 28 U.S.C. section 1446(b)(1), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after CDS was served with the Complaint.

**Removal Is Proper Under CAFA**

8. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

9. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**Minimal Diversity Exists**

10. Minimal diversity under CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Akopian v. VW Credit, Inc.*, No. 2:12-CV-8679-SVW-RZ, 2012 WL 12884413, at *3 (C.D. Cal. Dec. 19, 2012) (denying motion to remand) (citation omitted); *Tuttle v. Sky Bell Asset Mgmt., LLC*, No. C 10-03588 WHA, 2011 WL 208060, at *4 (N.D. Cal. Jan. 21, 2011) (denying renewed motion to remand; "In order to satisfy the minimal diversity required by CAFA, defendants must show that 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'") (citation omitted).

11. An individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of residency is evidence of domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (noting that "[m]aintaining a place of residence . . . provides a 'prima facie' case of domicile"). Plaintiff is a California citizen. *See* Ex. B, ¶ 3.

12. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13. At the time the Complaint was filed in state court, CDS was and still is a corporation incorporated under the laws of the state of Connecticut, with its corporate headquarters in Missouri. Declaration of Robert Murray ("Murray Decl."), ¶¶ 4-5. St. Louis, Missouri is where CDS's corporate c-suite officers and board of directors direct, control and coordinate its operations. *Id.* at ¶ 5. CDS's c-suite officers and directors make key corporate decisions and establish CDS's corporate policies in St. Louis, Missouri. *Id.* CDS's board meetings regularly occur outside of California, including at CDS's headquarters in Missouri. *Id.* Accordingly, CDS's "nerve center" or "corporate brain" is located at its

headquarters in St. Louis, Missouri, and CDS is a citizen of Connecticut and Missouri.

14. The citizenship of Advantage and the DOE defendants have no bearing on diversity with respect to removal under CAFA. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); *see also Hicks v. Grimmway Enters, Inc.*, No. 22-CV-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428, at *21 (S.D. Cal. May 9, 2023) (same). Further, pursuant to 28 U.S.C. section 1441, "the citizenship of defendants sued under fictitious names [must] be disregarded for [the] purpose[] of [determining diversity jurisdiction]." *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

15. Accordingly, because the citizenship of at least one defendant—CDS—is diverse from the citizenship of Plaintiff, the minimal diversity requirements of CAFA are satisfied.

**<u>THE PROPOSED CLASS MEMBERS NUMBER AT LEAST 100</u>**

16. The Proposed Class Members include:

- <u>Minimum Wage Class</u>: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

- Overtime Class: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.
- Regular Rate Class: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) days in a workweek, who received additional remuneration during pay periods in which they were paid overtime wages, and whose compensation did not include such additional remuneration when Defendants calculated those employees' overtimes wages.
- Meal Period Class: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

- <u>Meal Period Premium Wages Class</u>: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid meal period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' meal period premium wages.
- <u>Rest Period Class</u>: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.
- <u>Rest Period Premium Wages Class</u>: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' rest period premium wages.

- Indemnification Class: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties.
- Wage Statement Class: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.
- California Class: All aforementioned classes.

Ex. B, ¶ 43.

17. Since July 8, 2022, CDS has employed no less than 11,029 non-exempt employees in the State of California. Beros Decl., ¶ 5. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

18. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82. If challenged, under CAFA, a removing defendant need prove by only a

preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). A preponderance of the evidence requires that a defendant demonstrate that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing and quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (quotation marks omitted).

19. For purposes of removal, "[t]he amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). The removing defendant's burden "is not 'daunting,'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (quoting *Muniz v. Pilot Travel Ctrs. LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original). Moreover, under 28 U.S.C. section 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

20. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). That number is easily met here.

21. Through this class action lawsuit, Plaintiff seeks damages for the following allegations[1]:

(a) "Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked." Ex. B, ¶ 57.

(b) "Defendants employed policies, practices and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees. . . as required by law." Ex. B, ¶ 26.

(c) "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees." Ex. B, ¶ 32.

22. Even assuming a low violation rate for these issues, exclusive of attorneys' fees, the total amount in controversy far exceeds **$24,334,926.00** for CDS.

23. CDS calculates that number as follows: For the time period July 8, 2022, to July 8, 2026, the minimum rate of pay for CDS's hourly employees in California was no less than $14.00—the lowest state minimum wage during this period. And their overtime rate of pay was at least $21.00 ($14.00 x 1.5). Beros Decl. at ¶ 7. CDS's hourly employees in California worked a total of at least 632,076 workweeks during the same period. *Id.* at ¶ 6.

(a) Assuming Putative Class Members worked one hour of unpaid overtime a week, the minimum amount in controversy for overtime alone is **$6,636,798.00** ($21.00 [average overtime rate of pay] x

[1] Defendant's analysis does not include Plaintiff's remaining claims. Defendant reserves the right to discuss any additional claims in connection with any motion for remand.

632,076 [workweeks] x (30 minutes / 60 minutes) [number of hours of overtime]).[2]

(b) Assuming one meal break violation per week, this would result in a damages figure of **$8,849,064.00** in meal period premiums ($14.00 [lowest minimum wage in covered period] x 632,076 [number of workweeks]) x 1 [meal break violation per week]).

(c) Assuming one rest period violation per week, this would lead to a damages figure of **$8,849,064.00** in rest period premiums ($14.00 [lowest minimum wage in covered period] x 632,076 [number of workweeks]) x 1 [rest break violation per week]).

24. Since the foregoing analysis is based on only a subset of the seven causes of action brought by Plaintiff for purported class-wide damages and statutory penalties, without admitting that Plaintiff and/or the purported class could recover *any* damages, there is no question that the amount in controversy in this action exceeds $5,000,000, as the calculation above does not account for Plaintiff's remaining causes of action, request for attorneys' fees, or claims against Advantage, which also must be factored since Plaintiff requests such an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an

[2] Plaintiff's allegation that Defendants failed to pay "*all* overtime wages" to Plaintiff and the Overtime Class for their "*daily*" overtime hours worked justifies assuming up to one-hour of unpaid overtime per workweek per putative class member. Ex. B, ¶ 57 (emphasis added); *see Morgan v. Childtime Childcare, Inc.*, No. SACV 17-01641 AG (KESx), 2017 U.S. Dist. LEXIS 186537, at *8-9 (C.D. Cal. Nov. 10, 2017); *see also Long v. Destination Maternity Corp.*, No. 15-cv-02836-WQH (RBBx) 2016 WL 1604968, at * 7 (S.D. Cal. Apr. 21, 2016) (finding that an assumption of "one hour of unpaid overtime per putative class member per week" is a reasonable estimate "based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages"); *Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *13 (C.D. Cal. Feb. 19, 2019) (finding "an estimate of one hour per class member per week to be appropriate in light of Plaintiff's allegation that Defendant had a 'pattern and practice' of wage abuse, including overtime violations").

underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the amount in controversy issue, the court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Assuming a 25% recovery on the off-the-clock, meal breaks, rest breaks, failure to reimburse, and penalty claims would yield another $1,517,772.67 just in attorneys' fees. *See, e.g.*, *Galt G/S*, 142 F.3d at 1155-56 (affirming the district court's inclusion of the $44,266.65 attorneys' fees to meet the $50,000 amount in controversy requirement for diversity-based subject matter jurisdiction); *Jasso v. Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) ("[T]he Court notes that it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark for attorney fees.'") (citations omitted).

25. Taking those causes of action and the award of attorneys' fees into account would increase the amount in controversy.

26. Accordingly, the amount in controversy exceeds the jurisdictional threshold for removal under CAFA.

27. In setting forth this calculation, CDS does not admit that it is liable to Plaintiff and the Putative Class Members in this amount or any amount. On the contrary, CDS denies that it is liable to Plaintiff and the Putative Class Members in any amount and for any relief.

28. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

## NOTICE TO STATE COURT AND PLAINTIFF

In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Nunn Decl., ¶ 2. True copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached hereto as Exhibits 1 and 2, respectively, to the Nunn Decl., ¶ 2. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

DATED: August 27, 2026

PAUL HASTINGS LLP
CHRIS A. JALIAN
AJA S. NUNN
YOON CHO

By: *_/s/ Chris A Jalian_*
CHRIS A. JALIAN

Attorneys for Defendant
CLUB DEMONSTRATION SERVICES, INC.
and ADVANTAGE SOLUTIONS INC.